**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

BERT DALMAYER, *et al.*,

    Plaintiffs,                    CASE NO. 08-CV-12784

*v.*                                        DISTRICT JUDGE THOMAS LUDINGTON
                                             MAGISTRATE JUDGE CHARLES BINDER

STATE OF MICHIGAN, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

For the reason set forth below, it is recommended that the following Plaintiffs, and all claims asserted by them in the complaint, be *sua sponte* dismissed from the case: Plaintiff United Riders Sports Club, LLC; Plaintiff NMC Sportsmen Club, LLC; Plaintiff Northmen, MC; Plaintiff MN, a minor child; Plaintiff CF, a minor child; and Plaintiff JF, a minor child.

**II.    REPORT**

By order of U.S. District Judge Thomas L. Ludington, this civil rights case was referred to the undersigned Magistrate Judge for general pretrial case management on July 15, 2008. The *pro se* complaint, which was filed on June 30, 2008, attempts to assert claims by 22 plaintiffs against 97 defendants. The gravamen of the complaint is that the Huron Undercover Narcotics Team ("HUNT") maliciously and unconstitutionally fabricated evidence of criminal wrongdoing against members of several motorcycle clubs located in and around Alpena, Michigan, and conspired with numerous local and state government officials to wrongfully obtain convictions.

As relief, Plaintiffs "demand the reversal and release of [two] coerced plea-bargained convictions." (Compl. ¶ 96.) They also seek removal of all false information on all defendant websites, an injunction against defendants prohibiting further discrimination, payment of fees, nominal damages, actual damages of $1 million for each plaintiff, and exemplary damages of $20 million from each "non-human" defendant and the same amount from each "human" defendant. (Compl. ¶¶ 97-105.)

Several of the plaintiffs are not properly before the Court because they are either minors or artificial business entities and they are attempting to litigate without representation by a licensed attorney, which is strictly prohibited in federal court. *See Rowland v. California Men's Colony*, 506 U.S. 194, 202, 113 S. Ct. 716, 121 L. Ed. 2d 656 (1993) (all artificial entities, such as corporations, partnerships, or associations, may only appear in federal court through a licensed attorney); *Shepherd v. Wellman*, 313 F.3d 963, 970-71 (6th Cir. 2002) (parents cannot appear *pro se* on behalf of their minor children). The complaint clearly states that the following six plaintiffs are either artificial entities or minors:

  Plaintiff United Riders Sports Club, LLC

  Plaintiff NMC Sportsmen Club, LLC

  Plaintiff Northmen, MC

  Plaintiff MN, a minor child

  Plaintiff CF, a minor child

  Plaintiff JF, a minor child

On November 21, 2008, Plaintiffs were ordered to show cause why all claims brought by these business entities and minors should not be dismissed for violation of the rule that business entities and minors may only appear in federal court when represented by a licensed attorney.

(Dkt. 26.)  Plaintiff Bert Dalmayer was the only plaintiff to respond to the order.  He filed a 13-page response, most of which is not relevant to the issue.  With regard to the business entity plaintiffs, however, Plaintiff Dalmayer states merely that the LLC's are private membership clubs that are "exempt from Federal Civil Rights Laws and any applicable State statues in order to preserve their rights to privacy and freedom of association, and have a right to immunity from public interference."  (Dkt. 78 at 3.)  With regard to the minor plaintiffs, he states that "the violations occurred on private property with a member in attendance, along with the Father of the minor's [sic] present . . ." and that "minors are authorized to exercise the rights given to them by the Privacy Act or, in the alternative, their parents or those acting in loco parentis may exercise them on their behalf . . . ."  (*Id*. at 4.)  None of these assertions is in any way relevant to the considerations underlying the standing rule that minors and artificial entities cannot appear in federal courts except through the representation of licensed attorneys.

Accordingly, because the six plaintiffs listed above are either artificial business entities or minors, and they are neither represented by counsel nor have they expressed that they are taking efforts to obtain representation, I suggest that all claims asserted by these plaintiffs be dismissed without prejudice from the case.

### III.  REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  The parties are

advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

           s/ *Charles E Binder*
           CHARLES E. BINDER
Dated: December 31, 2008       United States Magistrate Judge

4

## **CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on James Ferrell, C. Adam Purnell, James Cotant, John Gillooly, G. Gus Morris, Gretchen Olsen and Peter Worden; and served by first class mail on the following individuals at the addresses listed:

Bert Dalmayer and Sue Dalmayer
2294 Dault St.
Ossineke, MI 49766-9745

Andrew Giebleyou
10311 W. M-32
Herron, MI 49744-9701

Don Lofdlahl
P.O. Box 733
Alpena, MI 49707-9579

Robert Nolan
4679 Scott Rd.
Hubbard Lake, MI 49747-9734

Lloyd Frey
3038 State St.
Ossineke, MI 49766-9760

Ashley Hering
4679 Scott Rd.
Hubbard Lake, MI 49747-9734

Cindy Maskell
9439 Spruce Rd.
Ossineke, MI 49766

Philip Sheldon
1934 W. Midland Rd.
Auburn, MI 48611

Mike Geddart, I
401 W. Hubert Rd.
Spruce, MI 48762

Sam Hughes
204 Wabeek Rd.
Alpena, MI 49744-8122

Lenny Maskell
1934 W. Midland Rd.
Auburn, MI  48611

Loretta Udell
5715 King Settlement Rd.
Alpena, MI 49707-9531

Mike Geddart, II
401 W. Hubert Rd.
Spruce, MI 48762

Carla Ide
10311 W. M-32
Herron, MI 49744-9701

Sue Maskell
2092 N. Bagley St.
Alpena, MI 49707

Date:  December 31, 2008                By      s/Jean L. Broucek
                                        Case Manager to Magistrate Judge Binder