UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BERT DALMAYER, *et al.*,

          Plaintiffs,

                                              Case Number 08-12784-BC

v.                                              Honorable Thomas L. Ludington

STATE OF MICHIGAN, *et al.*,

          Defendants.
_____ /

## ORDER ADOPTING REPORT AND RECOMMENDATION, SUA SPONTE DISMISSING CERTAIN PLAINTIFFS

On June 30, 2008, twenty-two pro se plaintiffs filed a complaint alleging, inter alia, that law enforcement officers in Huron County fabricated evidence of criminal conduct by members of motorcycle gangs and initiated an unfounded criminal prosecution. The complaint identifies three minor children, MN, CF, and JF, and three corporate entities, United Riders Sports Clubs, LLC, NMC Sportsmen Club, LLC, Northmen, MC, as Plaintiffs (collectively the "Unrepresented Plaintiffs") – none of whom retained legal representation. On November 21, 2008, Magistrate Judge Charles E. Binder ordered the Unrepresented Plaintiffs to show cause each should not be dismissed from the action because each was not represented by counsel. Dkt. # 26. Plaintiff Bert Dalmeyer ("Plaintiff Dalmeyer") responded on behalf of the Unrepresented Plaintiffs, but none of the Unrepresented Plaintiffs filed an objection.

On December 31, 2008, the magistrate judge issued a report and recommendation that the Unrepresented Plaintiffs should be dismissed without prejudice because corporate entities or minor children must be represented by counsel. Dkt. # 79. at 2 (citing *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993) and *Shepherd v. Wellman*, 313 F.3d 963, 970-71 (6th Cir. 2002)).

On January 12, 2009, Plaintiff Dalmeyer objected to the report and recommendation, raising three cognizable arguments. Dkt. # 80. First, Plaintiff Dalmeyer asserts that Michigan law permits members of a limited liability corporation to maintain a civil suit. *Id.* at 3 (citing Mich. Comp. Laws § 450.4510). Indeed, the provision provides a remedy for members to enforce a right of a limited liability corporation by establishing a process to advance a civil suit.[1] However, that provision is inapplicable to the magistrate judge's report and recommendation because it does not obviate the requirement that an entity be represented by counsel. Rather, it provides a mechanism for a member to enforce rights of the entity. Moreover, Plaintiff Dalmeyer has not demonstrated that the requirements of Mich. Comp. Laws § 450.4510 have been met or is applicable in this instance.

---

[1] Mich. Comp. Laws § 450.4510 provides as follows:

A member may commence and maintain a civil suit in the right of a limited liability company if all of the following conditions are met:

(a) Either management of the limited liability company is vested in a manager or managers who have the sole authority to cause the limited liability company to sue in its own right or management of the limited liability company is reserved to the members but the plaintiff does not have the authority to cause the limited liability company to sue in its own right under the provisions of an operating agreement.

(b) The plaintiff has made written demand on the managers or the members with the authority requesting that the managers or members cause the limited liability company to take suitable action.

(c) Ninety days have expired from the date the demand was made unless the member has earlier been notified that the demand has been rejected or unless irreparable injury to the limited liability company would result by waiting for the expiration of the 90-day period.

(d) The plaintiff was a member of the limited liability company at the time of the act or omission of which he or she complains, or his or her status as a member devolved upon him or her by operation of law or pursuant to the terms of an operating agreement from a person who was a member at that time.

(e) The plaintiff fairly and adequately represents the interests of the limited liability company in enforcing the right of the limited liability company.

(f) The plaintiff continues to be a member until the time of judgment, unless the failure to continue to be a member is the result of action by the limited liability company in which the former member did not acquiesce and the derivative proceeding was commenced prior to the termination of the former member's status as a member.

Second, with respect to the minor children, Plaintiff Dalmeyer contends that the Court is required to appoint a guardian ad litem to represent the children. Fed. R. Civ. P. 17(c)(2). A guardian ad litem, while potentially qualified to practice law, is not an advocate of a child's legal interests; rather, a guardian ad litem acts in a capacity to protect the child's personal interests. *See* Black's Law Dictionary, 8th ed. As *Shepherd* recognizes, a pro se litigant may only represent one's own legal interest, and a parent or guardian may not advance the child's legal interest without the assistance of counsel. 313 F.3d at 970-71.

Lastly, Plaintiff Dalmeyer contends that all plaintiffs have consented to "limited non-durable power of attorney" rendering him the real party in interest. That contention notwithstanding, there is no indication that Plaintiff Dalmeyer is admitted to practice law in this or any jurisdiction.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [Dkt. # 79] is **ADOPTED** and that Plaintiff Bert Dalmeyer's objection [Dkt. # 80] is **OVERRULED**.

It is further **ORDERED** that all claims advanced by Plaintiffs MN, CF, JF, United Riders Sports Clubs, LLC, NMC Sportsmen Club, LLC, and Northmen, MC are **DISMISSED WITHOUT PREJUDICE**.

                                       s/Thomas L. Ludington
                                       THOMAS L. LUDINGTON
                                       United States District Judge

Dated: January 29, 2009

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 29, 2009.

                     s/Tracy A. Jacobs
                     TRACY A. JACOBS