UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BERT DALMAYER, *et al.*,

    Plaintiffs,　　　　　　　　　　CASE NO. 08-CV-12784

*v.*　　　　　　　　　　　　　　　　DISTRICT JUDGE THOMAS LUDINGTON
　　　　　　　　　　　　　　　　　　MAGISTRATE JUDGE CHARLES BINDER

STATE OF MICHIGAN, *et al.*,

    Defendants.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
PURSUANT TO RULE 41(b) OF THE
FEDERAL RULES OF CIVIL PROCEDURE**

**I.　RECOMMENDATION**

**IT IS RECOMMENDED** that the sixty-six Defendants identified below be *sua sponte* **DISMISSED** pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

**II.　REPORT**

By order of U.S. District Judge Thomas L. Ludington, this civil rights case was referred to the undersigned Magistrate Judge for general pretrial case management on July 15, 2008. The *pro se* complaint, which was filed on June 30, 2008, asserted claims by 22 plaintiffs against 97 defendants. Following the Court's order of January 29, 2009, sixteen plaintiffs remain.

Pursuant to Rule 4(c)(1) of the Federal Rules of Civil Procedure, "[t]he plaintiff is responsible for service of a summons and complaint within the time allowed under subdivision (m) and shall furnish the person effecting service with the necessary copies of the summons and complaint." FED. R. CIV. P. 4(c)(1). Rule 4(m) provides as follows:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m).

When managing cases involving *pro se* litigants, the Court must take into consideration the difficulties an individual faces in bringing forward their case without the benefit of legal representation. However, the Court must also balance the defendants' right to a fair and timely resolution of the litigation, and therefore *pro se* litigants are not to be accorded any special consideration when they fail to adhere to readily-comprehended court deadlines. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

In this case, the 120-day deadline expired over three months ago, and there is no indication that the following 66 defendants were served:

County of Alcona
County of Montmorency
Alexandria Edwards
Barry Getzen
Charles Bush
James Colvault
Donna Pendergast
Richard Killips
K. Mikowski
Mark Trombley
Bill Jennings
Karen Brooks
Robert Topp
Rod
Lubelan
Julin
Witt
Lewis
Draves
Varoni

2

Seccia
Ziecina
Sosinski
Casanova
Oliver
Smith
Benjamin
Jones
Zeinz
Labonte
Byrd
Simon
Parks
Bower
Harshberger
Edward Adamiak
Jim Halverson
Douglas Ellinger
Michael Caldwell
Donald McLennan
Charles Bush
Terri Case
Thomas Weichel
Rich Schultz
Robert Mike Hahn
Randy Servia
Andrew Ambrose
Roy Ordway
Kris McFall
Leonard Franklin
Ron McClusky
Joyce Smarr
Miranda Smarr
Jordon Vanacker
Melody Faunce
Bradly Vanacker
Tyler Michley
Gage Tompson
Ruthann Pankin Huggler
Steven Tews
Karen Frampton
George H. Foust
Mike Lamble
Julie McDonald
Troy P. Clarke

Dan White

Therefore, I suggest that if Plaintiffs are unable to file objections to this recommendation showing good cause for the failure to serve these defendants, that these defendants be *sua sponte* dismissed from the case.

### III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                              s/ *Charles E Binder*
                                              CHARLES E. BINDER
Dated: February 5, 2009                      United States Magistrate Judge

## **CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on James Ferrell, C. Adam Purnell, James Cotant, John Gillooly, G. Gus Morris, Gretchen Olsen and Peter Worden; and served by first class mail on the following individuals at the addresses listed:

Bert Dalmayer and Sue Dalmayer
2294 Dault St.
Ossineke, MI 49766-9745

Andrew Giebleyou
10311 W. M-32
Herron, MI 49744-9701

Don Lofdlahl
P.O. Box 733
Alpena, MI 49707-9579

Robert Nolan
4679 Scott Rd.
Hubbard Lake, MI 49747-9734

Lloyd Frey
3038 State St.
Ossineke, MI 49766-9760

Ashley Hering
4679 Scott Rd.
Hubbard Lake, MI 49747-9734

Cindy Maskell
9439 Spruce Rd.
Ossineke, MI 49766

Philip Sheldon
1934 W. Midland Rd.
Auburn, MI 48611

Mike Geddart, I
401 W. Hubert Rd.
Spruce, MI 48762

Sam Hughes
204 Wabeek Rd.
Alpena, MI 49744-8122

Lenny Maskell
1934 W. Midland Rd.
Auburn, MI 48611

Loretta Udell
5715 King Settlement Rd.
Alpena, MI 49707-9531

Mike Geddart, II
401 W. Hubert Rd.
Spruce, MI 48762

Carla Ide
10311 W. M-32
Herron, MI 49744-9701

Sue Maskell
2092 N. Bagley St.
Alpena, MI 49707

Date: February 5, 2009        By     s/Jean L. Broucek
                              Case Manager to Magistrate Judge Binder

5