## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

BERT DALMAYER, *et al.*,

      Plaintiffs,               CASE NO. 08-CV-12784

*v.*                              DISTRICT JUDGE THOMAS LUDINGTON
                               MAGISTRATE JUDGE CHARLES BINDER

STATE OF MICHIGAN, *et al.*,

      Defendants.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
## ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
(Doc. 56)
## AND RECOMMENDING *SUA SPONTE* DISMISSAL
## OF DEFENDANT DOUG BAUM

## I.      RECOMMENDATION

      **IT IS RECOMMENDED** that Plaintiff Bert Dalmayer's motion for default judgment against Defendant Sheriff Doug Baum be **DENIED**.  For the reasons stated below, it is further recommended that Defendant Baum be *sua sponte* **DISMISSED**.

## II.      REPORT

      By order of U.S. District Judge Thomas L. Ludington, this civil rights case was referred to the undersigned magistrate judge for general pretrial case management on July 15, 2008.  The *pro se* complaint, which was filed on June 30, 2008, asserts claims by 22 plaintiffs against 97 defendants.  After an order issued January 29, 2009 (Doc. 81), sixteen plaintiffs remain.  Following the Court's Order of February 24, 2009 (Doc. 88), thirty-one defendants remain.

Plaintiff Bert Dalmayer obtained a clerk's entry of default against Defendant Baum, Montmorency County Sheriff, on November 24, 2008 (Doc. 43), and now moves for a default judgment against Defendant Baum. (Doc. 56.)

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, a two-step procedure is required to obtain a default judgment. First, under subsection (a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Once this step has been fulfilled, then a plaintiff may proceed to request entry of a default judgment under subsection (b) of Rule 55. Entry of default judgment is not appropriate against: (1) minors or incompetent persons who are not represented; (2) some members of the armed services, or (3) officers or agencies of the United States. FED. R. CIV. P. 55(d). "If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk - on the plaintiff's request, with an affidavit showing the amount due - must enter judgment for that amount and costs . . . ." FED. R. CIV. P. 55(b)(1). "In all other cases, the party must apply to the court for a default judgment." FED. R. CIV. P. 55(b)(2).

In cases that do not involve a sum certain, since the default admits only the factual allegations other than damages, the amount of damages must be proved. *Kelley v. Carr*, 567 F. Supp. 831, 841 (W.D. Mich. 1983). Therefore, a hearing should be conducted by the court to determine the amount of damages with reasonable certainty and to allow the defendant to contest the amount alleged. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 111 (6th Cir. 1995) (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)).

However, "[a] defendant's default does not itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleading for the judgment entered." *Nishimatsu*

*Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). "[I]t follows from this that facts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the [default] judgment." *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988). *See also Conetta v. Nat'l Hair Care Centers, Inc.*, 236 F.3d 67, 76 (1st Cir. 2001) (noting that a defaulted defendant "may still contest a claim on the ground that the complaint does not add up to the elements of a cause of action").

In the instant case, Plaintiff has successfully proceeded through the first step by obtaining a default against Defendant Baum (Doc. 43) and since his claim is not for a sum certain, he has properly applied to this Court for entry of default judgment rather than seeking entry by the clerk. However, I suggest that as to Defendant Baum, Plaintiff's complaint is not well-pled and does not set forth a sufficient factual basis to allow a judgment to be entered against this Defendant. *See Nishimatsu*, 515 F.2d at 1206; *Alan Neuman Prod.*, 862 F.2d at 1392.

Rule 8(a) of the Federal Rules of Civil Procedure sets forth the basic federal pleading requirement that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). "Rule 8 requires only that the complaint give the defendant fair notice of the claim and its supporting facts." *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir. 2001). Despite this relatively low threshold, a complaint must nevertheless contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S.544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The complaint must "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 555, 570. In addition, "it is 'well-settled' that civil rights claims 'must be pled with

some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983.'" *Briscoe v. Jackson*, 285 Fed. App'x 205, 208 (6th Cir. 2008) (quoting *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008)).  Furthermore, a civil rights complaint must allege that a plaintiff suffered a specific injury as a result of the conduct of a particular defendant and must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976).

Plaintiff's complaint alleges violations of 42 U.S.C. § 1983 based on the investigation and execution of search warrants involving alleged controlled substance offenses. (Doc. 1.)  Although the complaint names Defendant Baum in the caption, after careful review of the allegations contained in the Complaint, I am unable to find any mention of Defendant Baum's name, any mention of conduct attributable to him, or any allegation of an unconstitutional policy authorized by Defendant Baum.  It is beyond dispute that liability under § 1983 must be based on active unconstitutional behavior, not on a failure to act. *Green v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998). *See also Hafer v. Melo*, 502 U.S. 21, 25, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991) (stating that to establish personal liability of a government official under § 1983, a plaintiff must show that the official *caused* the deprivation of a federal right).

Furthermore, to the extent that Defendant Baum was named based on his supervisory position as Sheriff, liability under section 1983 must be based on more than merely the right to control employees. *Polk Co. v. Dodson*, 454 U.S. 312, 325-26, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981); *Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).  A party cannot be held liable under section 1983 absent a showing that the party

4

personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. *See, e.g., Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984); *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir. 1982); *Kesterson v. Moritsugu*, No. 96-5898, 1998 WL 321008, at **4 (6th Cir. 1998) (a plaintiff must "allege that a specific defendant performed a specific act that suffices to state a claim").

As mentioned, beyond the caption, the complaint is wholly devoid of mention of Defendant Baum, and thus does not even state vague or conclusory allegations which would even then be insufficient to state a claim under § 1983. *Briscoe v. Jackson*, 285 Fed. App'x at 208. I therefore recommend that Plaintiff's motion for default judgment be denied.

I further recommend that, for the reasons stated above, the Court should *sua sponte* dismiss Defendant Baum. Plaintiff in this case paid the filing fee and did not seek *in forma pauperis* status, and "[g]enerally, a district court may not *sua sponte* dismiss a complaint where the filing fee has been paid unless the court gives the plaintiff the opportunity to amend the complaint." *Apple v. Glenn*, 183 F.3d 477, 478 (6th Cir. 1999) (per curiam). A district court may, however, *sua sponte* dismiss an action at any time for lack of subject matter jurisdiction when the allegations of a complaint are "devoid of merit." *Id.* at 479. In such a case, the plaintiff need not be given an opportunity to amend. *Id.* These principles, I suggest, justify the *sua sponte* dismissal of Sheriff Baum because the complaint is devoid of merit with regard to this defendant.

## III.  **REVIEW**

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure

to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005).   The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co.,* 454 F.3d at 596-97.   Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.


                                    s/ Charles E Binder
                                    CHARLES E. BINDER
Dated: April 16, 2009               United States Magistrate Judge

## **CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on James Ferrell, C. Adam Purnell, James Cotant, John Gillooly, G. Gus Morris, Gretchen Olsen and Peter Worden; and served by first class mail on the following individuals at the addresses listed:

Bert Dalmayer and Sue Dalmayer
2294 Dault St.
Ossineke, MI 49766-9745

Mike Geddart, I
401 W. Hubert Rd.
Spruce, MI 48762

Andrew Giebleyou
10311 W. M-32
Herron, MI 49744-9701

Sam Hughes
204 Wabeek Rd.
Alpena, MI 49707-8122

Don Lofdlahl
P.O. Box 733
Alpena, MI 49707-9579

Lenny Maskell
1934 W. Midland Rd.
Auburn, MI   48611

Robert Nolan
4679 Scott Rd.
Hubbard Lake, MI 49747-9734

Loretta Udell
5715 King Settlement Rd.
Alpena, MI 49707-9531

Lloyd Frey
3038 State St.
Ossineke, MI 49766-9760

Mike Geddart, II
401 W. Hubert Rd.
Spruce, MI 48762

Ashley Hering
4679 Scott Rd.
Hubbard Lake, MI 49747-9734

Carla Ide
10311 W. M-32
Herron, MI 49744-9701

Cindy Maskell
9439 Spruce Rd.
Ossineke, MI 49766

Sue Maskell
2092 N. Bagley St.
Alpena, MI 49707

Philip Sheldon
1934 W. Midland Rd.
Auburn, MI 48611


Date:  April 16, 2009                    By___s/*Jean L. Broucek*_____
                                         Case Manager to Magistrate Judge Binder