UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BERT DALMAYER, *et al.,*

        Plaintiffs,

*v.*

STATE OF MICHIGAN, *et al.,*

        Defendants.

_____/

CASE NO. 08-CV-12784

DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE CHARLES E. BINDER

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON MOTION FOR SUMMARY JUDGMENT BY DEFENDANTS
CITY OF ROGERS CITY AND DEFENDANT MATTHEW QUAINE**
(Doc. 74)

## I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that the Motion for Summary

Judgment be **GRANTED**.

## II.    REPORT

A.    Introduction

By order of U.S. District Judge Thomas L. Ludington, this civil rights case was referred to

the undersigned Magistrate Judge for general pretrial case management on July 15, 2008. The *pro*

*se* complaint, which was filed on June 30, 2008, asserted claims by 22 plaintiffs against 97

defendants. Following the Court's orders of January 29, 2009 (Doc. 81), February 24, 2009 (Doc.

88), and May 14, 2009 (Doc. 95), 17 plaintiffs and 34 defendants remain in the case.

On December 16, 2008, Defendants City of Rogers City ("Rogers City") and Matthew Quaine, the police chief of the Rogers City Police Department, filed the motion for summary judgment that is currently before the Court. On April 8, 2009, after other preliminary matters were addressed, Plaintiffs were notified that they had until May 25, 2009, to respond to the motion for summary judgment. No response was filed. Accordingly, I conclude that pursuant to E.D. Mich. LR 7.1(e)(2), this motion is ready for Report and Recommendation without oral argument.

### B.     Background

Plaintiffs allege in their *pro se* complaint, *inter alia*, that law enforcement officials involved in the Huron Undercover Narcotics Team ("HUNT") conducted an unlawful search of their properties on June 29, 2006, fabricated evidence of criminal conduct, and initiated an unfounded criminal prosecution against them. In addition to civil rights violations, Plaintiffs assert the state law cause of action of false imprisonment. (Compl. ¶ 81.) As relief, Plaintiffs seek the "reversal and release of [their] coerced plea-bargained convictions," removal of their names from all state websites, nominal damages, actual damages of $1 million from each defendant, punitive damages of $20 million from each defendant, as well as fees and costs. (Compl. ¶¶ 96-105.)

### C.     Motion Standards

Motions for summary judgment are governed by Rule 56(c) of the Federal Rules of Civil Procedure, and will be granted when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). All facts and inferences must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).

The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case. *Street v. J.C. Bradford & Co.*,

886 F.2d 1472, 1479 (6th Cir. 1989) (citing *Celotex Corp. v Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).  In determining whether the moving party has met its considerable burden, a court may consider the plausibility of the moving party's evidence. *Matsushita*, 475 U.S. at 587-88.  Summary judgment is also proper where the moving party shows that the non-moving party is unable to meet its burden of proof.  *Celotex*, 477 U.S. at 326.

The non-moving party has an obligation to respond to the motion and present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339-40 (6th Cir. 1993).  The non-moving party cannot rest merely on the pleadings alone. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 191 L. Ed. 2d 202 (1986).

After examining the evidence designated by the parties, the court then determines "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Booker v. Brown & Williamson Tobacco Co.,* 879 F.2d 1304, 1310 (6th Cir. 1989) (quoting *Anderson*, 477 U.S. at 251-52).  Summary judgment will not be granted "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248.

**D.    Governing Law - 42 U.S.C. § 1983**

Section 1983 provides a cause of action for redress against persons acting under color of law for "deprivation[s] of any rights, privileges, or immunities secured by the Constitution and laws" of the United States.  A claim under section 1983 therefore has two elements:  "'(1) the defendant must be acting under the color of state law, and (2) the offending conduct must deprive the plaintiff of rights secured by federal law.'" *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008) (quoting *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998)).

E.      **Motion for Summary Judgment by Defendants Quaine & Rogers City**

1.      **Defendant Matthew Quaine**

Defendant Matthew Quaine, the police chief of the Rogers City Police Department, moves

for summary judgment, asserting that he was not personally involved in any of the events that form

the basis of Plaintiffs' claims.  (Br. in Supp. of Mot., Doc. 74 at 6.)  Indeed, Defendant Quaine

accurately points out that he is not mentioned in the body of the 106-paragraph complaint, and the

only mention of Defendant Rogers City is the assertion that the Rogers City Police Department is

one of the agencies that participates in HUNT, which is a multi-jurisdictional drug task force.

(Compl., Doc. 1 ¶ 18.)  Defendant Quaine has supported his motion with an affidavit wherein he

states that, despite the fact that he is on the board of directors of HUNT and served in that position

in 2006 when the events at issue took place, he had no officers assigned to HUNT that year and

has no knowledge of any specific HUNT activities that occurred during that year.  (Doc. 74,

Quaine Aff. ¶¶ 10-14.)  As a board member, he was not informed of specifics, but rather received

reports that "provided overall general numbers of HUNT's activities, such as the number of

investigations underway that quarter, or the number of arrests made, and the like."  (*Id*. ¶ 18.)

Plaintiffs have not responded to the motion.  Thus, they have failed to meet their burden of

presenting "significant probative evidence" to show that there is a genuine issue of material fact

necessitating the denial of the motion.[1]  *See Moore*, 8 F.3d at 339-40.  However, a court cannot

grant a motion for summary judgment solely on the basis of it standing unopposed.  *See Rance v.*

*Datavantage, Corp*., No. 06-CV-335, 2008 WL 1899986 (N.D. Ohio April 28, 2008) (citing *Sutton*

*v. United States*, 1991 WL 590, at \*2 n.1 (6th Cir. 1991)).  Rather, the court must examine the

---

[1]I note that, in this circuit, nonprisoner *pro se* litigants are not entitled to any "special assistance" from the court with respect to understanding the summary judgment procedures.  *Brock v. Hendershott*, 840 F.2d 339, 343 (6th Cir. 1988).

motion to determine whether the moving party has satisfied its burden, but the court is "under no obligation to search the entire record to establish that it is bereft of a genuine issue of material fact." *Id*. (quoting *In re St. Clair Clinic, Inc*., 1996 WL 6531, at *2 (6th Cir. 1996)).  The court may rely upon the facts presented by the moving party.  *See id*. (citing *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 404-05 (6th Cir.1992)).

Here, the moving party has presented an affidavit stating that he had no involvement in the investigation of Plaintiffs, and further has pointed out that the complaint does not allege that he did.  In a civil rights case, a plaintiff "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Ashcroft v. Iqbal*, ___U.S.___, 129 S. Ct. 1937, 1948 (2009).  *See also Rizzo v. Goode*, 423 U.S. 362, 371-72, 377, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976) (a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant).  Plaintiffs in this case have failed to allege any conduct on the part of Defendant Quaine, and therefore I suggest that Defendant Quaine is entitled to summary judgment.

Additionally, to the extent Defendant Quaine is named in the complaint because of his supervisory position as chief of police, the result does not change.  To state a claim against a supervisory official, the civil rights complainant must allege that the supervisory official personally participated in the constitutional deprivation or that the supervisory official was aware of widespread abuses and, with deliberate indifference to the inmate's constitutional rights, failed to take action to prevent further misconduct.  *See Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 691-92, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). There is no *respondeat superior* liability under § 1983, and therefore, a defendant's position as the supervisor of persons who

allegedly violated a plaintiff's constitutional rights does not impose liability. *Monell*, 436 U.S. at 691-92. Plaintiffs have not come forward with any allegations or evidence that Defendant Quaine was aware of any circumstances relating to the investigation that led to Plaintiffs' convictions, and therefore under this theory Defendant Quaine is also, I suggest, entitled to summary judgment.

### 2.    Defendant City of Rogers City

Counsel for Defendant Rogers City asserts that the City is entitled to summary judgment because it was not involved in any of the alleged wrongful acts and because the complaint has identified no policy or custom of the City that contributed to a constitutional violation. (Doc. 74, Br. in Supp. at 9.)  It further asserts that it has no authority to promulgate any policies or procedures relative to HUNT, and has attached the HUNT Bylaws as proof of that assertion. (*Id.*)

Again, Plaintiffs have not responded to the City's motion.

A municipality, like a supervisor, may not be held liable under section 1983 simply upon the theory of *respondeat superior*. *Monell*, 436 U.S. at 691. A municipality may be held liable only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Id.* at 694. Furthermore, for municipal liability, there must be an "affirmative link between the policy and the particular constitutional violation alleged." *Oklahoma City v. Tuttle*, 471 U.S. 808, 823, 105 S. Ct. 2427, 85 L. Ed. 2d 791 (1985). The claimant has the burden of proof for establishing the existence of an unconstitutional policy and demonstrating the link between the policy and the alleged injuries at issue. *King v. City of Eastpointe*, 86 Fed. Appx. 790, 801 (6th Cir. 2003).

Here, Plaintiffs have failed to allege, let alone prove, that Defendant Rogers City has an unconstitutional policy that is linked to the alleged injuries. In fact, the only time Defendant Rogers City is mentioned in the complaint is when Plaintiffs state that the Rogers City Police

Department is one of the entities that participates in HUNT.  (Compl., Doc. 1 ¶ 18.)  Accordingly,

I suggest that Defendant Rogers City is entitled to summary judgment because the evidence "is so

one-sided that one party must prevail as a matter of law.'"  *Anderson*, 477 U.S. at 252.

## F.      Pendent State Law Claim

To the extent that Plaintiffs also sought to assert a state law claim of false imprisonment

against Defendants Quaine and Rogers City, I suggest that, pursuant to *United Mine Workers v.*

*Gibbs*, 383 U.S. 715, 726, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966), this Court should decline to

exercise its discretion to entertain the pendent state law claims.  *Id*. at 726 (noting that generally

"if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well.")

*See also Hankins v. The Gap, Inc*., 84 F.3d 797, 802-03 (6th Cir. 1996) (when all federal claims

have been dismissed at a pretrial stage and the parties are non-diverse, the district court should

decline to exercise supplemental jurisdiction over the surviving state law claims).


## III.    <u>REVIEW</u>

The parties to this action may object to and seek review of this Report and Recommendation

within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1).  Failure

to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474

U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932

F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  The parties are

advised that making some objections, but failing to raise others, will not preserve all the objections

a party may have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*,

931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370,

1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be

served upon this Magistrate Judge.


                                        s/ Charles E Binder

                                        CHARLES E. BINDER
Dated: July 27, 2009                    United States Magistrate Judge

8

## CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on James Ferrell, C. Adam Purnell, James Cotant, John Gillooly, G. Gus Morris, Gretchen Olsen and Peter Worden; and served by first class mail on the following individuals at the addresses listed:

Bert Dalmayer and Sue Dalmayer
2294 Dault St.
Ossineke, MI 49766-9745

Andrew Giebleyou
10311 W. M-32
Herron, MI 49744-9701

Don Lofdlahl
P.O. Box 733
Alpena, MI 49707-9579

Robert Nolan
4679 Scott Rd.
Hubbard Lake, MI 49747-9734

Lloyd Frey
3038 State St.
Ossineke, MI 49766-9760

Ashley Hering
4679 Scott Rd.
Hubbard Lake, MI 49747-9734

Cindy Maskell
9439 Spruce Rd.
Ossineke, MI 49766

Philip Sheldon
1934 W. Midland Rd.
Auburn, MI 48611

Mike Geddart, I
401 W. Hubert Rd.
Spruce, MI 48762

Sam Hughes
204 Wabeek Rd.
Alpena, MI 49707-8122

Lenny Maskell
1934 W. Midland Rd.
Auburn, MI   48611

Loretta Udell
5715 King Settlement Rd.
Alpena, MI 49707-9531

Mike Geddart, II
401 W. Hubert Rd.
Spruce, MI 48762

Carla Ide
10311 W. M-32
Herron, MI 49744-9701

Sue Maskell
2092 N. Bagley St.
Alpena, MI 49707


Date:  July 27, 2009

By     s/*Jean L. Broucek*
Case Manager to Magistrate Judge Binder