UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BERT DALMAYER, *et al.*,

    Plaintiffs,

v.

STATE OF MICHIGAN, *et al.*,

    Defendants.
    _____/

CASE NO. 08-CV-12784

DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE CHARLES E. BINDER

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON DEFENDANTS COUNTY OF PRESQUE ISLE, CITY OF ONAWAY,
SHERIFF TERRY FLEWELLING, POLICE CHIEF JAMES GIBSON,
AND BRADLEY J. SZATKOWSKI'S
MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)
OR ALTERNATIVELY MOTION FOR SUMMARY JUDGMENT
PURSUANT TO FED. R. CIV. P. (56)(c)**
(Doc. 118)
**AND PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT
AND IN OPPOSITION TO ALL DEFENDANTS' MOTIONS TO DISMISS
OR MOTIONS FOR SUMMARY JUDGMENT**
(Doc. 128)

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Defendants' motion be **GRANTED** and that Plaintiffs' motion be denied.[1]

---

[1] In the event that this Report and Recommendation is adopted, the following motion will be moot: Plaintiffs' Motion to Compel Discovery (Doc. 140).

## II. REPORT

### A. Introduction

By order of U.S. District Judge Thomas L. Ludington, this civil rights case was referred to the undersigned Magistrate Judge for general pretrial case management on July 15, 2008. The *pro se* complaint, which was filed on June 30, 2008, asserted claims by 22 plaintiffs against 97 defendants. Following the Court's orders of January 29, 2009 (Doc. 81), February 24, 2009 (Doc. 88), May 14, 2009 (Doc. 95), August 24, 2009 (Doc. 115), and September 24, 2009 (Docs. 124, 125, 126, 127), 13 plaintiffs and 8 defendants remained in the case.

On September 2, 2009, Defendants County of Presque Isle, City of Onaway, Sheriff Terry Flewelling, Police Chief James Gibson, and Bradley J. Szatkowski filed the above-captioned motion that is currently before the Court. (Doc. 118.) On September 8, 2009, Plaintiffs were notified that they had until October 2, 2009, to respond to the motion. (Doc. 119.)

On October 5, 2009, Plaintiffs filed a "Motion for Summary Judgment and in Opposition to all Defendants' Motions to Dismiss or Motions for Summary Judgment."[2] (Doc. 128.) Two groups of defendants who have already been dismissed from the case filed responses to the motion, pointing out that there are no claims pending against them and therefore the motion should be denied as to them. (Docs. 132, 139.) On December 14, 2009, Plaintiffs filed a one-page supplement to their motion because a paragraph had inadvertently been left out of the original. (Doc. 146.)

Accordingly, I conclude that pursuant to E.D. Mich. LR 7.1(e)(2), these motions are ready for report and recommendation without oral argument.

---

[2]This document was signed by 11 of the plaintiffs.

### B.  Background

Plaintiffs allege in their *pro se* complaint, *inter alia*, that law enforcement officials involved in the Huron Undercover Narcotics Team ("HUNT") conducted an unlawful search of their properties on June 29, 2006, fabricated evidence of criminal conduct, and initiated an unfounded criminal prosecution against them.  In addition to civil rights violations, Plaintiffs assert the state law cause of action of false imprisonment.  (Compl. ¶ 81.)  As relief, Plaintiffs seek the "reversal and release of [their] coerced plea-bargained convictions," removal of their names from all state websites, nominal damages, actual damages of $1 million from each defendant, punitive damages of $20 million from each defendant, as well as fees and costs.  (Compl. ¶¶ 96-105.)

### C.  Motion Standards

In facing a motion to dismiss, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief."  *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001).  As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face."  *Id*. at 570 (rejecting the traditional Rule 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)).  Under Rule 12(b)(6), "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555 (citations omitted).  Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative

3

level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (citations omitted).

Where a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). However, courts may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), nor may courts construct the plaintiff's legal arguments for him. *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993). Courts are not to "conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to identify a claim not alleged in the complaint, *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975), because to hold otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Motions for summary judgment are governed by Rule 56(c) of the Federal Rules of Civil Procedure, and will be granted when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). All facts and inferences must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).

The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (citing *Celotex Corp. v Catrett*, 477 U.S. 317, 106 S. Ct. 2548,

4

91 L. Ed. 2d 265 (1986)). In determining whether the moving party has met its considerable burden, a court may consider the plausibility of the moving party's evidence. *Matsushita*, 475 U.S. at 587-88. Summary judgment is also proper where the moving party shows that the non-moving party is unable to meet its burden of proof. *Celotex*, 477 U.S. at 326.

The non-moving party has an obligation to respond to the motion and present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339-40 (6th Cir. 1993). The non-moving party cannot rest merely on the pleadings alone. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 191 L. Ed. 2d 202 (1986).

After examining the evidence designated by the parties, the court then determines "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Booker v. Brown & Williamson Tobacco Co.,* 879 F.2d 1304, 1310 (6th Cir. 1989) (quoting *Anderson*, 477 U.S. at 251-52). Summary judgment will not be granted "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248.

**D.     Governing Law - 42 U.S.C. § 1983**

Section 1983 provides a cause of action for redress against persons acting under color of law for "deprivation[s] of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. A claim under section 1983 therefore has two elements: "'(1) the defendant must be acting under the color of state law, and (2) the offending conduct must deprive the plaintiff of rights secured by federal law.'" *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008) (quoting *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998)).

### E. Federal Claims

#### 1. Defendants Gibson, Flewelling and Szatkowski

Defendants Gibson and Flewelling move for summary judgment on the grounds that neither of them were present when the search warrants at issue were executed and neither of them had any personal involvement in any other events that gave rise to this case. Defendant Szatkowski, a sheriff's deputy, states that he was present when the search warrants were executed, but moves for summary judgment on the grounds that he had no contact with Plaintiffs and the complaint does not allege that he took any actions that violated Plaintiffs' constitutional rights. Specifically, Defendants state that

> [n]either Chief Gibson nor former Sheriff Flewelling were present at the scene nor did they have any supervisory role with regard to the investigation leading to the search warrants, obtaining search warrants, or executing the search warrants. Deputy Szatkowski, while present at the residence to assist in executing the search warrant, did not take part in any arrests nor did he have any physical interaction with any plaintiff. Because his sole responsibility was to assist in executing a facially valid warrant, there is no liability as to him.

(Doc. 118 at 11.)

All three defendants have supported their motions with affidavits. Defendant Gibson, Chief of Police for the City of Onaway, Michigan, states that he had no personal involvement with the incidents described in the complaint, nor does he have any knowledge about the events alleged. (Doc. 118, Gibson Aff., Ex. A ¶¶ 5-6.) Defendant Gibson states that, as Chief of Police, he has served on the board of directors of HUNT. (*Id.* ¶ 3.) As a HUNT board member, however, he has not reviewed the specifics of any HUNT investigation, but rather has been involved in issues such as budgeting and personnel decisions. (*Id.* ¶ 4.)

Defendant Flewelling states that in 2006, when the events that gave rise to this case occurred, he was the Presque Isle County Sheriff. (Doc. 118, Flewelling Aff., Ex. B ¶ 1.)

Defendant Flewelling was also a HUNT board member, which entailed dealing with budgetary and personnel issues relating to the administration of HUNT, but did not involve any oversight of specific narcotics investigations. (*Id.* ¶ 4.) Defendant Flewelling states that he was not present when the searches at issue took place, nor did he make any decisions relevant to the case. (*Id.* ¶¶ 5-6.)

Defendant Szatkowski avers that in 2006 he was employed as a deputy by the Presque Isle County Sheriff and was assigned to HUNT. (Doc. 118, Szatkowski Aff., Ex. C ¶¶ 1-2.) He states that he and four other officers conducted narcotics investigations under the supervision of certain officers of the Michigan State Police. (*Id.* ¶ 3.) Defendant Szatkowski states that he was not involved in drafting the search warrant applications at issue in this case and is unaware of any impropriety in that process. He did assist in the execution of the search warrant at 4679 Scott Road, but did not seize any evidence or make any arrests. His role was limited to assisting in securing the premises, taking photographs, and assisting in the search for evidence. (*Id.* ¶¶ 6-14.)

A review of the 106-paragraph complaint reveals that there is no mention of Defendant Gibson or Defendant Szatkowski other than their names appearing in the caption. Defendant Flewelling is mentioned twice when Plaintiffs state that he received copies of letters written to them by other defendants. (Doc. 1 ¶¶ 67, 71.) In their response to Defendants' motion, Plaintiff do not allege any wrongful conduct on the part of these defendants, not do they refute the averments made in the affidavits. In a civil rights case, a plaintiff "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, ___U.S.___, 129 S. Ct. 1937, 1948 (2009). *See also Rizzo v. Goode*, 423 U.S. 362, 371-72, 377, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976) (a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must

allege an affirmative link between the injury and the conduct of that defendant). Plaintiffs in this case have failed to allege any wrongful conduct on the part of Defendants Gibson, Flewelling, and Szatkowski, and further have failed to respond to Defendants' motion and affidavits with any "significant probative evidence" to refute any of the averments made by these three defendants. *Moore*, 8 F.3d at 339-40. Accordingly, I suggest that Defendants' motion be granted and that they be dismissed from the case with prejudice.

### 2.     **Defendants City of Onaway and County of Presque Isle**

Counsel for Defendants City of Onaway and Presque Isle County asserts that these defendants are entitled to summary judgment because Plaintiffs have not identified any policy or custom of the city or county that contributed to a constitutional violation. (Doc. 118 at 14-16.) Plaintiffs' response likewise does not assert any policy or custom of the City of Onaway or the County of Presque Isle that is linked to a constitutional violation. (Doc. 128.)

A municipality may not be held liable under section 1983 simply upon the theory of *respondeat superior*. *Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). A municipality may be held liable only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Id*. at 694. Furthermore, for municipal liability, there must be an "affirmative link between the policy and the particular constitutional violation alleged." *Oklahoma City v. Tuttle*, 471 U.S. 808, 823, 105 S. Ct. 2427, 85 L. Ed. 2d 791 (1985). The claimant has the burden of proof for establishing the existence of an unconstitutional policy and demonstrating the link between the policy and the alleged injuries at issue. *King v. City of Eastpointe*, 86 Fed. Appx. 790, 801 (6th Cir. 2003).

Here, Plaintiffs have failed to allege, let alone prove, that Defendant City of Onaway or Defendant Presque Isle County has an unconstitutional policy that is linked to the alleged injuries. In fact, the only time Presque Isle County is mentioned in the complaint is when Plaintiffs state that it is a participating agency in HUNT (Compl., Doc. 1 ¶ 18) and the City of Onaway is only mentioned in the caption. Accordingly, I suggest that these defendants are entitled to summary judgment because the evidence "is so one-sided that one party must prevail as a matter of law.'" *Anderson*, 477 U.S. at 252.

### F. Pendent State Law Claim

To the extent that Plaintiffs also sought to assert a state law claim of false imprisonment against these defendants, I suggest that, pursuant to *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966), this Court should decline to exercise its discretion to entertain the pendent state law claim. *Id*. at 726 (noting that generally "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well.") *See also Hankins v. The Gap, Inc*., 84 F.3d 797, 802-03 (6th Cir. 1996) (when all federal claims have been dismissed at a pretrial stage and the parties are non-diverse, the district court should decline to exercise supplemental jurisdiction over the surviving state law claims).

### III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." FED. R. CIV. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further

9

right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                                         s/ *Charles E. Binder*
                                                        CHARLES E. BINDER
Dated: December 21, 2009                  United States Magistrate Judge

## CERTIFICATION

I hereby certify that this Report and Recommendation was electronically served on James Ferrell, C. Adam Purnell, James Cotant, John Gillooly, G. Gus Morris, Gretchen Olsen and Peter Worden; and served by first class mail on the following individuals at the addresses listed:

| | |
|---|---|
| Bert Dalmayer and Sue Dalmayer<br>2294 Dault St.<br>Ossineke, MI 49766-9745 | Mike Geddart, I<br>401 W. Hubert Rd.<br>Spruce, MI 48762 |
| Andrew Giebleyou<br>10311 W. M-32<br>Herron, MI 49744-9701 | Sam Hughes<br>204 Wabeek Rd.<br>Alpena, MI 49707-8122 |
| Don Lofdlahl<br>P.O. Box 733<br>Alpena, MI 49707-9579 | Lenny Maskell<br>1934 W. Midland Rd.<br>Auburn, MI  48611 |
| Robert Nolan<br>4679 Scott Rd.<br>Hubbard Lake, MI 49747-9734 | Loretta Udell<br>5715 King Settlement Rd.<br>Alpena, MI 49707-9531 |
| Lloyd Frey<br>3038 State St.<br>Ossineke, MI 49766-9760 | Mike Geddart, II<br>401 W. Hubert Rd.<br>Spruce, MI 48762 |

| | |
|---|---|
| Ashley Hering<br>4679 Scott Rd.<br>Hubbard Lake, MI 49747-9734 | Carla Ide<br>10311 W. M-32<br>Herron, MI 49744-9701 |
| Philip Sheldon<br>1934 W. Midland Rd.<br>Auburn, MI 48611 | |

Date:  December 21, 2009          By     s/*Jean L. Broucek*
                                   Case Manager to Magistrate Judge Binder

11