**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

BERT DALMAYER, *et al.*,

    Plaintiffs,

*v.*

STATE OF MICHIGAN, *et al.*,

    Defendants.
    _____/

CASE NO. 08-CV-12784

DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE CHARLES E. BINDER

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON MOTION FOR ATTORNEY FEES BY DEFENDANTS
SCOTT MUDRINALD, ROGER DOOR, TERRY KING,
T O JOHNSON, J KOWALSKI, J TWAROZYNSKI,
BONNIE FREDRICKS, CINDY L GARBER, CANDACE M KARR,
COUNTY OF ALPENA, WILLIAM TREMANN, STEVE KIELISZEWSKI,
DENNIS GRENKOWICZ, J P RITTER, and ERIK SMITH**
(Doc. 129)

## I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Defendants' motion be **DENIED**.

## II.    REPORT

### A.    Introduction

By order of U.S. District Judge Thomas L. Ludington, this motion was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(3). (Doc. 137.) This case was filed by 22 plaintiffs against 97 defendants. All claims and defendants have now either been dismissed[1]

---

[1] See the Court's orders dated January 29, 2009 (Doc. 81), February 24, 2009 (Doc. 88), May 14, 2009 (Doc. 95), August 24, 2009 (Doc. 115), and September 24, 2009 (Docs. 124, 125, 126, 127).

or are subject to a pending Report and Recommendation suggesting dismissal. (Doc. 149.) The defendants bringing this motion (hereafter "Defendants") have all been dismissed. Attorney James Cotant filed an affidavit in support of the motion, detailing the attorney fees incurred by Defendants. (Doc. 130.) Plaintiffs did not file a response to the motion. Accordingly, I conclude that pursuant to E.D. Mich. LR 7.1(e)(2), this motion is ready for report and recommendation without oral argument.

**B.    Background**

Plaintiffs alleged in their *pro se* complaint, *inter alia*, that law enforcement officials involved in the Huron Undercover Narcotics Team ("HUNT") conducted an unlawful search of their properties on June 29, 2006, fabricated evidence of criminal conduct, and initiated an unfounded criminal prosecution against them. Plaintiffs also alleged that several "disguised agents" used excessive force against them during the execution of the search (Compl. ¶ 45), and unreasonably destroyed their private property (*id*. ¶ 53). In addition to civil rights violations brought under 42 U.S.C. § 1983, Plaintiffs asserted the state law cause of action of false imprisonment.

I also note that Plaintiffs paid the full civil case filing fee and therefore this case was not subject to the initial screening procedure that applies when *pro se* plaintiffs proceed pursuant to the *in forma pauperis* statute. *See* 28 U.S.C. § 1915(e)(2).

**C.    Motion Standards**

The standard for awarding attorney's fees to a prevailing defendant in both § 1983 and Title VII cases examines whether the "'the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.'" *Hughes v. Rowe*, 449 U.S. 5, 14,

101 S. Ct. 173, 66 L. Ed. 2d 163 (1980) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 98 S. Ct. 694, 54 L. Ed. 2d 648 (1978) (adopting the same standard for awarding attorney's fees in § 1983 cases as used in Title VII cases)). If the plaintiff's action was frivolous, unreasonable, or without foundation, an award of attorney's fees is appropriate. The plaintiff's action must be meritless, meaning that it is groundless or without foundation. *Id*.

"In determining whether this standard has been met, a district court must assess the claim at the time the complaint was filed, and must avoid '*post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation.'" *Tutor-Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1060 (9th Cir. 2006) (emphasis in original) (quoting *Christiansburg*, 434 U.S. at 421-22). Indeed, the sole fact that a plaintiff loses his case is not by itself a sufficient justification for awarding fees. *Hughes*, 449 U.S. at 14.

The decision to grant fees for the defendant is discretionary with the trial judge, and is reviewed only for an abuse of discretion. *Riddle*, 266 F.3d at 547; *Wayne v. Village of Sebring*, 36 F.3d 517, 530 (6th Cir. 1994). To award fees simply because of the length of and lack of specificity in the original complaint or because of the number of claims is improper. *Bridgeport Music v. Dimension Films*, 383 F.3d 390, 406 (6th Cir. 2004). Such an award is proper where the conduct goes beyond the complaint and includes many instances where the plaintiffs complicated rather than streamlined the issues and contributed to the multiplication of fees for the defendant. *Id*. An award of fees is proper where the plaintiff's legal theory is so foreign to our legal tradition that it has no "foundation." *N.E. v. Hedges*, 391 F.3d 832, 836 (6th Cir. 2004).

**D.      Governing Law - 42 U.S.C. § 1983**

Section 1983 provides a cause of action for redress against persons acting under color of law for "deprivation[s] of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. A claim under section 1983 therefore has two elements: "'(1) the defendant must be acting under the color of state law, and (2) the offending conduct must deprive the plaintiff of rights secured by federal law.'" *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008) (quoting *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998)).

**E.      Discussion**

I suggest that Defendants' motion for attorney fees be denied. Although the *pro se* complaint in this case was rambling, confusing and contained extraneous information, it did plead enough facts to state a "plausible" claim for relief for several civil rights violations, including excessive force during the execution of a search warrant. *See Bell*, 550 U.S. at 570. Furthermore, although many defendants named in the caption were not mentioned in the body of the complaint, since the factual allegations contained references to "disguised agents," it cannot be said that the *pro se* Plaintiffs were not entitled to proceed beyond the pleading stage. Although in actuality Plaintiffs failed to respond to many of the motions to dismiss and failed to attempt to conduct any discovery to determine the identity of the alleged "disguised agents," this Court must "assess the claim at the time the complaint was filed, and must avoid '*post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation.'" *Tutor-Saliba,* 452 F.3d at 1060. Under these circumstances, I cannot find that Plaintiff's legal theories set forth in the complaint were "so foreign to our legal tradition" that they had " no foundation." *N.E.*, 391 F.3d at 836. Finally, this is not a case where Plaintiffs engaged

in conduct beyond the filing of the complaint that served to complicate the case or to contribute to the multiplication of fees for Defendants. *See Bridgeport Music*, 383 F.3d at 406. To the contrary, Plaintiffs rarely filed responses in opposition to Defendants' motions. For these reasons, I suggest that the motion for attorney fees be denied.

### III.   REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." FED. R. CIV. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                             s/ *Charles E Binder*
                                             CHARLES E. BINDER
Dated: April 19, 2010                          United States Magistrate Judge

## **CERTIFICATION**

       I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on James Cotant, James Farrell, John Gillooly, D. Randall Gilmer, G. Gus Morris, Gretchen L. Olsen and Peter Worden, Jr.; and served by first class mail on the following individuals:

Bert Dalmayer and Sue Dalmayer
2294 Dault St.
Ossineke, MI 49766-9745

Andrew Giebleyou
10311 W. M-32
Herron, MI 49744-9701

Don Lofdlahl
P.O. Box 733
Alpena, MI 49707-9579

Robert Nolan
4679 Scott Rd.
Hubbard Lake, MI 49747-9734

Lloyd Frey
3038 State St.
Ossineke, MI 49766-9760

Ashley Hering
4679 Scott Rd.
Hubbard Lake, MI 49747-9734

Philip Sheldon
1934 W. Midland Rd.
Auburn, MI 48611

Mike Geddart, I
401 W. Hubert Rd.
Spruce, MI 48762

Sam Hughes
204 Wabeek Rd.
Alpena, MI 49707-8122

Lenny Maskell
1934 W. Midland Rd.
Auburn, MI 48611

Loretta Udell
5715 King Settlement Rd.
Alpena, MI 49707-9531

Mike Geddart, II
401 W. Hubert Rd.
Spruce, MI 48762

Carla Ide
10311 W. M-32
Herron, MI 49744-9701

Date: April 19, 2010        By  *s/Jean L. Broucek*
                                                Case Manager to Magistrate Judge Binder