UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BERT DALMAYER, *et al.*,

        Plaintiffs,

v.

Case Number 08-12784
Honorable Thomas L. Ludington

STATE OF MICHIGAN, *et al.*,

        Defendants.
_____/

**<u>ORDER ADOPTING MAGISTRATE JUDGE'S REPORTS AND RECOMMENDATIONS, GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFFS' EMERGENCY MOTIONS FOR RULINGS, DENYING DEFENDANTS' MOTION FOR ATTORNEY FEES, DENYING PLAINTIFFS' MOTION TO COMPEL, DENYING PLAINTIFFS' MOTION PURSUANT TO 18 U.S.C. § 2071, AND DISMISSING PLAINTIFFS' COMPLAINT WITH PREJUDICE</u>**

Magistrate Judge Charles E. Binder entered two reports and recommendations ("R&R") [Dkt. # 149, 151] on December 21, 2009 and April 20, 2010, recommending that the motion for summary judgment or to dismiss filed by Defendants County of Presque Isle, City of Onaway, Terry Flewelling, James Gibson, and Bradley J Szatkowski [Dkt. # 118] be granted, the motion for summary judgment filed by Plaintiffs [Dkt. # 128] be denied, and the motion for attorney fees filed by Defendants Alpena County, Terry King, William Tremain, Steve Kieliszewski, T.O. Johnson, Dennis Grenkowicz, J.P. Ritter, Erik Smith, Scott Mudrinald, Roger Door, J. Kowalski, D. Grenkowicz, J. Twarozynski, Bonnie Fredricks, Cindy L. Garber, and Candace M. Karr (collectively "Alpena Defendants") [Dkt. # 129] be denied. Also pending are Plaintiffs' emergency motions for rulings on objections [Dkt. # 120, 123], Plaintiff's motion to compel discovery [Dkt. # 140], and Plaintiff's motion pursuant to 18 U.S.C. § 2071 [Dkt. #145]. For the reasons stated in this order, the R&Rs will be adopted, and Plaintiffs' complaint will be dismissed with prejudice.

**I**

Judge Binder entered two R&Rs [Dkt. # 149, 151] on December 21, 2009 and April 20, 2010, recommending that the remaining Defendants' motion for summary judgment be granted [Dkt. # 118], the Plaintiffs' motion for summary judgment be denied [Dkt. # 128], and that the Alpena Defendants' motion for attorney fees be denied [Dkt. # 129]. Any party may serve and file written objections "[w]ithin fourteen days after being served with a copy" of an R&R. 28 U.S.C. § 636(b)(1). The district court will then make a "de novo determination of those portions of the report . . . to which objection is made." *Id.* Where, as here, neither party objects to the report, the district court is not obligated to independently review the record. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985). Accordingly, both R&Rs will be adopted.

**II**

On September 8, 2009 Plaintiffs filed a pair of "emergency motions" objecting to earlier decisions entered by the Court or, in Plaintiffs' view, improperly not entered by the Court. The first motion [Dkt. # 120], objects to the June 23, 2009 order denying Plaintiffs' motion for my recusal [Dkt. # 98]. Recusal was denied because Plaintiffs have not identified any reason why it would be justified. Rather, their motion for recusal [Dkt. # 96] and repeated objections [Dkt. # 98, 101, 120], merely contain unsupported allegations of bias. The motion will be denied.

The second motion [Dkt. # 123] suggests that the Court erred by not issuing a ruling on Plaintiffs' objection to the way the court has managed this case [Dkt. # 89]. The objection was not filed as a motion, and even if it were, the Court is unable to decipher what Plaintiffs are seeking. Nevertheless, the pretrial management of this case has complied with the Federal Rules of Civil Procedure, the Eastern District of Michigan's Local Rules, and the Court's own policies and

procedures. Accordingly, the motion will be denied.

Plaintiffs also filed a motion to compel [Dkt. # 140] on November 24, 2009. The motion will be denied as moot in light of the Court's decision to adopt the Magistrate Judge's R&Rs and dismiss the remaining Defendants.

Plaintiff's final motion is styled "Motion Pursuant to: 18 U.S.C. 2071 Violation's to the Docket Concealment, Removal, or Mutilation Generally." (Capitalization altered) [Dkt. # 145]. Although the motion is difficult to interpret, it appears to accuse the Court generally, and Judge Binder and myself in particular, of tampering with the documents filed by Plaintiff in this case. The cited statute, 18 U.S.C. § 2071, makes it a felony to "willfully and unlawfully conceal[], remove[], mutilate[], obliterate[], or destroy[]" documents that have been filed with the clerk of a United States Court. The motion involves Plaintiff's objection to the Court's pretrial case management [Dkt. # 89], and contends that by ignoring the objection, Judge Binder and I have committed a felony and should forfeit our offices. As already discussed, the pretrial management of this case has complied with all applicable rules, and all papers properly filed with the clerk have been considered by Judge Binder or myself. Accordingly, the motion will be denied.

### III

Accordingly, it is **ORDERED** that the R&Rs entered by Judge Binder [Dkt. # 149, 151] are **ADOPTED**.

It is further **ORDERED** that the motion for summary judgment filed by Defendants County of Presque Isle, City of Onaway, Terry Flewelling, Bradley J Szatkowski, and James Gibson [Dkt. # 118] is **GRANTED**.

It is further **ORDERED** that the motion for summary judgment filed by Plaintiffs [Dkt. #

128] is **DENIED**.

It is further **ORDERED** that the motion for attorney fees filed by the Alpena Defendants [Dkt. # 129] is **DENIED**.

It is further **ORDERED** that Plaintiffs' emergency motions for orders on objections [Dkt. # 120, 123] are **DENIED**.

It is further **ORDERED** that Plaintiff's motion to compel [Dkt. # 140] is **DENIED AS MOOT**.

It is further **ORDERED** that Plaintiff's motion pursuant to 18 U.S.C. § 2071 [Dkt. # 145] is **DENIED**.

It is further **ORDERED** that Plaintiff's complaint is **DISMISSED WITH PREJUDICE**. This order resolves all remaining motions, dismisses all remaining Defendants, and closes the case.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: June 4, 2010

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 4, 2010.

s/Tracy A. Jacobs
TRACY A. JACOBS